E-filed on: **11/5/08**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TELE ATLAS N.V. and TELE ATLAS NORTH AMERICA,<br><br>Plaintiffs,<br><br>v.<br><br>NAVTEQ CORPORATION,<br><br>Defendant. | No. C-05-01673 RMW (RS)<br><br>ORDER DENYING NAVTEQ'S MOTION TO COMPEL DEPOSITIONS OF ALEXANDER RIBBINK AND HAROLD GODDIJN<br><br>**[Re Docket No. 337]** |

NAVTEQ moves on shortened time to compel Tele Atlas to produce witnesses for two depositions prior to December 2, 2008, the start of trial in this case. The witnesses, Alexander Ribbink and Harold Goddijn, reside in the Netherlands. Tele Atlas opposes the motion. The court has reviewed the papers and considered the arguments of counsel presented at a hearing on November 5, 2008. For the following reasons, the court denies the motion.

## I. BACKGROUND

**A.   NAVTEQ's Attempts to Seek Discovery from TomTom**

Alexander Ribbink and Harold Goddijn live in Amsterdam. Eiseman Decl. ¶ 8. They both worked for a TomTom entity, though Mr. Ribbink no longer has any affiliation with TomTom. *See id.* ¶¶ 3, 8.[1] Both Mr. Ribbink and Mr. Goddijn likely possess information relevant to this litigation,

---

[1] TomTom announced a bid to acquire Tele Atlas in June of 2007. Johnstone Decl. ¶ 13. TomTom completed its acquisition of Tele Atlas in June, 2008. *Id.*

as NAVTEQ at the very outset identified both of them as persons with information that NAVTEQ might use to support its claims or defenses in this case. Baily Decl., Ex. A ¶¶ 9, 10 (NAVTEQ Corp.'s initial disclosures dated August 19, 2005). In other words, NAVTEQ knew over three years ago that the testimony of Messrs. Ribbink and Goddijn might be relevant and that these witnesses lived overseas.

On April 9, 2007, NAVTEQ subpoenaed TomTom, Inc. for a deposition scheduled for April 27, 2007. *See* Towle Decl., Ex. A. TomTom, Inc. (presumably a subsidiary of TomTom International B.V.) objected to the subpoena and pointed out that it was not a party to any dealings with Tele Atlas or NAVTEQ. *See id.*, Ex. B. It appears that the deposition did not take place, and that TomTom, Inc.'s counsel offered to arrange a voluntary deposition of TomTom International B.V. in Europe. *See id.* ¶ 3, Ex. C. Nothing appears to have happened until TomTom Inc.'s counsel contacted NAVTEQ in August of 2007 to spur NAVTEQ to take action on its request for discovery. *See id.*, Ex. C. NAVTEQ responded on August 28 that it was "still interested in pursuing a deposition of TomTom" and that it would follow up with TomTom's counsel. *See id.* TomTom wrote back the same day requesting that NAVTEQ call back "in the next couple of days" to schedule a deposition. *Id.*

Whether or not NAVTEQ's counsel contacted TomTom about scheduling a deposition is unclear. NAVTEQ's counsel states that he "followed up [an August 28, 2007 email] with a phone call to TomTom's counsel, confirming that NAVTEQ maintained its intent to depose TomTom." Johnstone Decl. ¶ 6. This phone call may have occurred between the two emails of August 28. TomTom's counsel declares that after her August 28 email, she has no memory or record of any further contact between TomTom and NAVTEQ related to this litigation. Towle Decl. ¶ 7. Regardless, no deposition of any TomTom entity was ever scheduled in this case. *Id.* ¶ 8. Nor was any deposition of Messrs. Ribbink or Goddijn ever scheduled. *Id.* Indeed, there is no evidence that NAVTEQ sought a deposition of Mr. Ribbink or Mr. Goddijn prior to now.

**B.     NAVTEQ's Agreements With Tele Atlas Regarding Discovery**

As discovery was set to close on May 1, 2007, NAVTEQ and Tele Atlas appear to have agreed to allow the depositions of various third parties including TomTom to take place "in May"

1  and to "try to do so as soon as possible."  Johnstone Decl., Ex. B (email summarizing agreement by
2  NAVTEQ's counsel).  Though no written agreement seems to exist, the parties appear to have
3  allowed some of these depositions (but not TomTom's) to occur over the summer of 2007.  *See id.* ¶
4  4.  NAVTEQ's counsel declares that he "indicated that NAVTEQ still reserved the right to depose
5  TomTom pursuant to the earlier parties' agreement" in a phone conversation with Tele Atlas's
6  counsel around September of 2007, though no memorialization of the conversation appears to exist.
7  *Id.* ¶ 8.  NAVTEQ provides no evidence regarding any efforts it made to depose TomTom (let alone
8  individual witnesses Mr. Ribbink or Mr. Goddijn) between September of 2007 and October of 2008.

## II.  ANALYSIS

NAVTEQ's motion to compel is thin on legal argument.  NAVTEQ argues that the court should compel Tele Atlas to produce Messrs. Ribbink and Goddijn to enforce an agreement that exists between NAVTEQ and Tele Atlas.  Reviewing NAVTEQ's motion, evidence of anything approaching an enforceable agreement is entirely absent.  At best, Tele Atlas and NAVTEQ agreed to permit NAVTEQ to depose *TomTom* after the close of discovery.  There is no basis to believe that any such agreement extended to Mr. Ribbink or Mr. Goddijn, neither of whom were subject to an outstanding subpoena at the close of discovery.  Furthermore, despite this agreement, it appears that NAVTEQ failed to make any effort to schedule TomTom's deposition.  NAVTEQ still does not seek TomTom's deposition, but rather it seeks the depositions of two TomTom employees.  NAVTEQ has provided no factual or legal basis for compelling Tele Atlas to produce two witnesses located overseas (over which it may or may not have control) for a deposition over a year and a half after the close of discovery and without ever having subpoenaed the two witnesses.  NAVTEQ's alternative relief – excluding Mr. Ribbink and Mr. Goddijn from testifying at trial – likewise lacks any basis.

## III.  ORDER

For the foregoing reasons, the court denies NAVTEQ's motion.

DATED:     11/5/08

RICHARD SEEBORG
United States Magistrate Judge

**Notice of this document has been electronically sent to:**

**Counsel for Tele Atlas:**

| | |
|---|---|
| Melissa J Baily | melissabaily@quinnemanuel.com |
| David Eiseman | davideiseman@quinnemanuel.com |
| Robert P. Feldman | rfeldman@wsgr.com |
| Kristin Janet Madigan | kristinmadigan@quinnemanuel.com |
| William Morehead | williammorehead@quinnemanuel.com |
| Emily Christina O'Brien | emilyobrien@quinnemanuel.com |

**Counsel for NAVTEQ:**

| | |
|---|---|
| David S. Bloch | dbloch@winston.com |
| Andrew Bridges | abridges@winston.com |
| David Koropp | dkoropp@winston.com |
| George Lombardi | glombardi@winston.com |
| Kevin Joon Oh | koh@winston.com |
| Megan Elizabeth Schaefer | mschaefer@winston.com |
| Dan Webb | dwebb@winston.com |

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**   11/5/08                           /s/ BAK
                                      **Chambers of Judge Seeborg**

ORDER DENYING NAVTEQ'S MOTION TO COMPEL DEPOSITIONS OF ALEXANDER RIBBINK AND HAROLD GODDIJN
No. C-05-01673 RMW (RS)
TSF                                    4