**E-filed on:    11/13/08**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TELE ATLAS N.V. and TELE ATLAS NORTH AMERICA,<br><br>    Plaintiffs,<br><br>    v.<br><br>NAVTEQ CORPORATION,<br><br>    Defendant. | No. C-05-01673 RS<br><br>ORDER ESTABLISHING TRIAL PROTOCOL |

Tele Atlas and NAVTEQ create and supply digital map data. Tele Atlas has accused NAVTEQ of, among other things, monopolizing markets for digital map data. To prepare for trial on these claims beginning December 2, 2008, the court held an initial pretrial conference on November 12, 2008. Having considered the arguments of counsel, the court establishes the following protocol for the conduct of the trial.

**A.    Witness Exclusion Order**

The court orders witnesses excluded from court "so that they cannot hear the testimony of other witnesses." Fed. R. Evid. 615. Richard Schuman and Richard de Waele are exempt as

1  NAVTEQ and Tele Atlas's respective client representatives. Fed. R. Evid. 615(2). The parties agree
2  that the presence of the experts in this case is essential to each party's cause. Fed. R. Evid. 615(3).
3     NAVTEQ also wishes to exempt its general counsel, Lawrence Kaplan, from the exclusion
4  order. Tele Atlas seeks to have him barred from the courtroom because it believes that he will be a
5  fact witness in this case. Based on NAVTEQ's representations regarding Mr. Kaplan's role in
6  directing the litigation and preparing NAVTEQ's case, the court finds that Mr. Kaplan's presence is
7  essential to NAVTEQ's cause. He is therefore exempt from the witness exclusion order.

### B. Dispute Resolution Protocol

The following protocol shall govern during the trial.

#### 1. Witness Identification

The parties shall identify witnesses by 8:00 a.m., two days before the witness is intended to be called. The parties must then meet and confer regarding any objections to upcoming witnesses' testimony that afternoon. A party may file a trial motion explaining the basis for an objection by 8:00 p.m. The opposing party may file an opposition by 12:00 p.m. the next day. Any trial motion or opposition must not exceed four pages. The court will then issue a written ruling or hear the matter on the morning of the witness's testimony.

| Intended date for testimony: | Identification deadline: | Meet and confer deadline: | Motion deadline: | Opposition deadline: |
|---|---|---|---|---|
| Monday | Thursday, 8:00 a.m. | Thursday afternoon | Thursday, 8:00 p.m. | Friday, 12:00 p.m. |
| Tuesday | Friday, 8:00 a.m. | Friday afternoon | Friday, 8:00 p.m. | *Saturday*, 12:00 p.m. |
| Wednesday | Monday, 8:00 a.m. | Monday afternoon | Monday, 8:00 p.m. | Tuesday, 12:00 p.m. |
| Thursday | Tuesday, 8:00 a.m. | Tuesday afternoon | Tuesday, 8:00 p.m. | Wednesday, 12:00 p.m. |
| Friday | Wednesday, 8:00 a.m. | Wednesday afternoon | Wednesday, 8:00 p.m. | Thursday, 12:00 p.m. |

#### 2. Deposition Designations

Similar protocols will govern the submission of deposition testimony. A party must identify deposition testimony (except for cross-examination) by 8:00 a.m., two days before it intends to use the testimony. That afternoon, the parties shall meet and confer to narrow any outstanding objections. By

8:00 p.m. that evening, the parties shall lodge with the court the passages of testimony designated and counter-designated and the objections thereto. Any written explanation of the parties' objections is due at the same time, just as with written trial motions. Any opposition is due the next day by noon. The same four-page limits apply. Because of the need to provide time to edit any video, the court will strive to issue written rulings the afternoon before the testimony will be played.

| Intended date for testimony: | Identification deadline: | Meet and confer deadline: | Lodging and motion deadline: | Opposition deadline: |
| --- | --- | --- | --- | --- |
| Monday | Thursday, 8:00 a.m. | Thursday afternoon | Thursday, 8:00 p.m. | Friday, 12:00 p.m. |
| Tuesday | Friday, 8:00 a.m. | Friday afternoon | Friday, 8:00 p.m. | *Saturday*, 12:00 p.m. |
| Wednesday | Monday, 8:00 a.m. | Monday afternoon | Monday, 8:00 p.m. | Tuesday, 12:00 p.m. |
| Thursday | Tuesday, 8:00 a.m. | Tuesday afternoon | Tuesday, 8:00 p.m. | Wednesday, 12:00 p.m. |
| Friday | Wednesday, 8:00 a.m. | Wednesday afternoon | Wednesday, 8:00 p.m. | Thursday, 12:00 p.m. |

### C.    Trial Time Limits and Schedule

The parties agree that trial must begin in December as scheduled. Each side will receive 25 hours. This time limit includes time for opening statements, but does not include time for closing argument. Trial will run from December 2 to December 19. The normal trial day will begin at 8:15 and conclude at 1:15, with the following exceptions. On December 2, the court hopes to empanel a jury in the morning and hear opening statements in the afternoon. The court will be adjourned on Friday, December 5. On December 18 and 19, trial will run from 9:00 to 12:00 and from 1:00 to 4:30 to accommodate finishing the case on time.

### D.    Jury Composition

The jury will consist of eight members. Each side will have three peremptory challenges. To ensure that the eight seated jurors will be able to serve throughout the trial, the court intends to assemble a *venire* of approximately 50 prospective jurors.

### E.    Juror Questionnaire Logistics

The court will circulate its proposed juror questionnaire shortly. Any objection to the questionnaire should be raised at the pretrial conference on November 24. The court will finalize the

questionnaire at the pretrial conference.  The parties will be responsible for photocopying sufficient questionnaires and delivering them to Jay Younger, the jury coordinator, by Wednesday, November 26.

### F. Courtroom Preparation

At the pretrial conference, the parties reached agreement regarding the nature of the technology to be used and how they would share the costs of equipping the courtroom.  The parties shall prepare the courtroom for trial on the afternoon of Wednesday, November 26.  By Monday, November 24, the parties shall submit a stipulated order requesting permission to bring equipment into the courtroom and to use the loading dock (if necessary).

### G. Leave to File Briefing

At the initial pretrial conference, counsel for Tele Atlas raised an issue regarding the admissibility of the deposition of Jennifer Herve deu Penhoat that was not addressed clearly by the parties' briefing.  The parties may each file a brief addressed to the issue of under what circumstances a third-party 30(b)(6) deposition is admissible at trial.  Any brief must not exceed 10 pages and must be filed no later than Wednesday, November 19.

DATED:     11/13/08

RICHARD SEEBORG
United States Magistrate Judge

**Notice of this document has been electronically sent to:**

**Counsel for Tele Atlas:**
| | |
|---|---|
| Melissa J Baily | melissabaily@quinnemanuel.com |
| David Eiseman | davideiseman@quinnemanuel.com |
| Robert P. Feldman | rfeldman@wsgr.com |
| Kristin Janet Madigan | kristinmadigan@quinnemanuel.com |
| William Morehead | williammorehead@quinnemanuel.com |
| Emily Christina O'Brien | emilyobrien@quinnemanuel.com |

**Counsel for NAVTEQ:**
| | |
|---|---|
| David S. Bloch | dbloch@winston.com |
| Andrew Bridges | abridges@winston.com |
| David Koropp | dkoropp@winston.com |
| George Lombardi | glombardi@winston.com |
| Kevin Joon Oh | koh@winston.com |
| Megan Elizabeth Schaefer | mschaefer@winston.com |
| Dan Webb | dwebb@winston.com |

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**     11/13/8                          /s/ BAK
                                     **Chambers of Judge Seeborg**